# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 10-786V

Filed: January 11, 2013

Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOANNA EISLER, | * |
| | * |
| Petitioner, | * |
| | * |
| | *    Denial of Motion to Redact |
| v. | *    Decision Awarding Damages |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER[1]

Petitioner sought compensation under the National Childhood Vaccine Injury Act of 1986 (Vaccine Act), 42 U.S.C. § 300aa-10 et seq. (2006), for an injury she allegedly suffered as a result of her October 8, 2009 receipt of influenza vaccine. On November 5, 2012, the undersigned issued a damages decision (Decision), which was based on a stipulation filed by the parties, awarding petitioner a lump sum of $260,000.00. Petitioner filed a timely motion on November 19, 2012 requesting that the undersigned redact her name from the November 5, 2012 Decision pursuant to 42 U.S.C. § 300aa-12(d)(4) and Vaccine Rule 18(b).

Under the Vaccine Act and the Vaccine Rules promulgated by the United States Court of Federal Claims, the decisions of the special masters are made publicly available with two exceptions. In the instant case, petitioner's request for redaction does not meet the statutorily-limited public disclosure exception criteria in section 12(d)(4)(B) of the Vaccine Act or the similar provisions of Vaccine Rule 18(b).

---

[1] Because this unpublished order contains a reasoned explanation for the special master's action in this case, the special master intends to post this order on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

## HISTORY

On November 19, 2012, petitioner filed a timely Motion for Redaction. Petitioner moved that her name be redacted from the Decision and replaced by her initials. Petitioner requests redaction because of two privacy concerns that she contends constitute a clearly unwarranted invasion of privacy. Pet'r's Mot. for Redaction 2. First, petitioner is estranged from her father and "has concerns about what he would do if he learned of both her settlement award and her medical condition." Id. Second, petitioner's husband is a police officer, and she fears that if an individual her husband arrested learns of her settlement award, it "may be incentive for her and/or her family to be pursued by said individual." Id. Petitioner relies upon the balancing test the Honorable Charles F. Lettow applied in W.C. v. Secretary of Health and Human Services, 100 Fed. Cl. 440 (Fed. Cl. 2011), to support petitioner's contention that her name should be redacted because her right to privacy outweighs the public interest at stake. Id. at 3-4.

On December 6, 2012, respondent filed a Response to Petitioner's Motion for Redaction. Respondent argues that "petitioner's privacy concerns are highly speculative and do not rise to the level of a 'clearly unwarranted invasion of privacy' as required under the Vaccine Act and Rules." Resp. 2. Respondent distinguishes the instant case from W.C., where the petitioner's professional abilities could have been undermined by public disclosure of his medical condition. Id. at 3.

On December 14, 2012, petitioner filed a Reply to Respondent's Response to Petitioner's Motion for Redaction. Petitioner reiterates her position that her concerns due to her estranged relationship with her father and her husband's employment as a police officer would make disclosure of petitioner's name a clearly unwarranted invasion of privacy and outweigh the public's interest in disclosure. Reply 2-3.

## RELEVANT STATUTES AND RULES

The Vaccine Act provides that subject to two limited exceptions, "[a] decision of a special master or the court in a proceeding shall be disclosed." 42 U.S.C. § 300aa-12(d)(4)(B). The first public disclosure exception is for decisions involving information "which is trade secret or commercial or financial information which is privileged and confidential." 42 U.S.C. § 300aa-12(d)(4)(B)(i). The second, more pertinent disclosure exception applies to decisions that contain "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 42 U.S.C. § 300aa-12(d)(4)(B)(ii). If a petitioner who submitted the information applicable under the exception in 42 U.S.C. § 300aa-12(d)(4)(B)(ii) objects to its inclusion in the public decision and the special master upholds the objection, "the decision shall be disclosed without such information." 42 U.S.C. § 300aa-12(d)(4)(B)(ii).

Vaccine Rule 18(b), which was promulgated to govern vaccine-related practice before the Office of Special Masters and United States Court of Federal Claims, provides both parties 14 days after the Court issues a decision to object to the public disclosure of information that falls

within the two public disclosure exceptions of 42 U.S.C. § 300aa-12(d)(4)(B):

Decision of the Special Master or Judge.

A decision of the special master or judge will be held for 14 days to afford each party an opportunity to object to the public disclosure of any information furnished by that party:

(1)     that is a trade secret or commercial or financial in substance and is privileged or confidential; or

(2)     that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy.

Any objecting party must provide the court with a proposed redacted version of the decision. In the absence of an objection, the entire decision will be made public.

Vaccine Rule 18(b). Neither the Vaccine Act nor Vaccine Rule 18(b) defines what constitutes "a clearly unwarranted invasion of privacy."

Lastly, the E-Government Act of 2002 emphasizes public disclosure and affirms that the public has an interest in access to federal court decisions. Section 205 of the E-Government Act instructs all federal courts to establish and maintain a website with "[a]ccess to the substance of all written opinions issued by the court." E-Government Act of 2002, Pub. L. No. 107-347, § 205(a)(5), 116 Stat 2899, 2913 (codified as amended at 44 U.S.C. § 3501 (2006)). In response to the E-Government Act, courts adopted Federal Rule of Civil Procedure 5.2 and the United States Court of Federal Claims adopted its own analogous Rule 5.2. The rule of the Court of Federal Claims permits redaction of specific information; most relevantly to the instant case, it permits the name of an individual known to be a minor to be redacted to the minor's initials. RCFC 5.2(a); see Fed R. Civ. P. 5.2(a). As with the E-Government Act, redaction has been limited at common law, which "establishes a strong presumption favoring public access to judicial records and proceedings." Langland v. Sec'y of HHS, No. 07-36V, 2011 WL 802695, at *7 (Fed. Cl. Spec. Mstr. Feb. 3, 2011) (citing Nixon v. Warner Commc'ns, 435 U.S. 589, 598-99 (1978)).

## DISCUSSION

Petitioner has requested that the undersigned redact her name from the Decision and "instead use only her initials in the published decision, on the grounds that disclosure of such information would be a clearly unwarranted invasion of her privacy." Pet'r's Mot. for Redaction 1. The E-Government Act, Vaccine Act, and Vaccine Rules all support public disclosure and transparency with very limited redaction exceptions. The normal procedure within the Vaccine Program is to publish the names of petitioners. "By act of Congress . . . decisions of special masters presumptively are public documents, and a petitioner requesting redaction of a decision

3

must make an affirmative, factual showing that redaction is proper." Castagna v. Sec'y of HHS, No. 99-411V, 2011 WL 4348135, at *10 (Fed. Cl. Spec. Mstr. Aug. 25, 2011). Petitioner, as the party moving for redaction, "bears the burden of demonstrating that the information should not be made available to the public." Sabella v. Sec'y of HHS, No. 02-1627V, 2008 WL 4531828, at *2 (Fed. Cl. Spec. Mstr. Sept. 23, 2008).

The Decision contains no information "which is trade secret or commercial or financial information which is privileged and confidential." See 42 U.S.C. § 300aa-12(d)(4)(B)(i). As such, petitioner moves for redaction solely under the second exception of the Vaccine Act and Vaccine Rules, which permits redaction of "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 42 U.S.C. § 300aa-12(d)(4)(B)(ii); Vaccine Rule 18(b)(2). The Decision does not contain any medical files and does not include medical references beyond petitioner's diagnosis. In addition, the Decision does not contain references to other "similar files." Except for petitioner's diagnosis of her medical condition, there is no revelation in the Decision from her records. Therefore, the question is: does the public release of the diagnosis of petitioner's disease in conjunction with her name constitute a clearly unwarranted invasion of her privacy? Petitioner alleges that it does. Reply 4.

Petitioner's first argument that the Court's disclosure of her name would constitute a clearly unwarranted invasion of privacy is that petitioner is estranged from her father and claims to have "serious and legitimate concerns about what he would do if he learned of her settlement award and her medical condition." Reply 2-3. However, petitioner does not provide any information about her relationship with her father other than to say they do not communicate and have "certain issues." Pet'r's Mot. for Redaction 2; aff. 2. Respondent called petitioner's concerns "highly speculative," resp. 2, yet petitioner's Reply did not contain any context or additional information about petitioner's difficulties with her father or describe why petitioner might have a reasonable privacy concern if her name was disclosed and he learned of petitioner's award. Petitioner needed to provide additional details about her estrangement from her father to justify redaction. Petitioner does not state that her issues with her father concern her safety. The fact that petitioner merely has a family member with whom she does not communicate and has had past "issues" does not provide a sufficient basis for redaction given that the Vaccine Act and Vaccine Rules require an invasion of privacy that is "clearly unwarranted." Personal family matters without proof of a threat to safety cannot constitute a basis for a clearly unwarranted invasion of privacy when counterbalanced with the E-Government Act's emphasis on public disclosure and the need of other petitioners or counsel representing them to learn that a petitioner who alleged that influenza vaccine caused her transverse myelitis was able to settle for $260,000.00. That information would surely outweigh petitioner's concerns because it would foster the intent of the Vaccine Program to have transparency about the petitioner, the illness alleged, and the amount of damages awarded. Petitioner's argument is speculative and lacks a factual basis in the record to constitute a clearly unwarranted invasion of privacy.

Second, petitioner argues that public disclosure of her name in the Decision would be a clearly unwarranted invasion of her privacy because of possible retribution against her family.

4

Petitioner's husband is a police officer. She fears that if an individual her husband arrested learns of her settlement award, it "may be incentive for her and/or her family to be pursued by said individual." Pet'r's Mot. for Redaction 2; see also reply 3. Respondent contends that petitioner's fears are speculative and do not rise to the statutorily-required level of a clearly unwarranted invasion of privacy. Resp. 2. Petitioner is not a police officer. For petitioner's fear to come to fruition, an individual arrested by her husband would need to find her name and the settlement award in connection to the Decision, connect petitioner to her officer husband, and then target petitioner's family based on her settlement, her connection to her husband, and her husband's connection to the potential aggressor. Again, petitioner's concerns are outweighed by emphasis on public disclosure within the Vaccine Program and the E-Government Act. Her attenuated chain of retribution is speculative and does not amount to a clearly unwarranted invasion of privacy.

Petitioner relies on W.C. to support her contention that her name should be redacted. In W.C., the Court held that public disclosure of the petitioner's identity would constitute a clearly unwarranted invasion of privacy because his work responsibilities and credibility as a witness, an important aspect of his job, could be undermined by disclosure of the petitioner's name in connection with his condition, multiple sclerosis. W.C., 100 Fed. Cl. at 461. Unlike in W.C., this case's factual circumstances do not support a conclusion that publication of petitioner's name would be a clearly unwarranted invasion of privacy. Petitioner has not indicated that her job situation is predicated on no one knowing she has transverse myelitis.

Petitioner's concern that publication of her name, disease, and compensation is a clearly unwarranted invasion of privacy is speculative. Motions for redaction involving competent adults to prohibit pertinent, detailed information based on a charge of a clearly unwarranted invasion of privacy are usually not granted. See Pearson v. Sec'y of HHS, No. 03-2751V, 2011 WL 4863717, at *5 (Fed. Cl. Spec. Mstr. Sept. 22, 2011) (denying redaction where petitioner wanted to "keep people at large unaware of the amount of his damages award, should they perform an internet search of his name"); Castagna, 2011 WL 4348135 (finding petitioner's preference for privacy insufficient to support redaction).

Finally, the E-Government Act, which emphasizes public disclosure, and the rules implementing it in the United States Court of Federal Claims do not provide an exception for redaction in the circumstances of the instant case. Rule 5.2 permits redaction of specific information that is not relevant to this case.

Petitioner's apprehension about the speculative effects on her privacy of publishing her name in the Decision does not constitute a clearly unwarranted invasion of privacy, as required for redaction by the Vaccine Act and Vaccine Rules. Therefore, petitioner's Motion for Redaction is **DENIED.**

**CONCLUSION**

Petitioner has not presented facts that support that disclosure of her name in the Decision

would be a clearly unwarranted invasion of her privacy.  Petitioner's Motion for Redaction is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated: <u>January 11, 2013</u>                                     <u>s/ Laura D. Millman</u>
                                                                                    Laura D. Millman
                                                                                    Special Master